FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 05, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORA M.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:18-cv-00198-MKD <br><br> REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 13, 17 |

Before the court are the parties' cross-motions for summary judgment. ECF Nos. 13, 17. The court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, IT IS RECOMMENDED Plaintiff's Motion, ECF No. 13, be granted and Defendant's Motion, ECF No. 17, be denied.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

REPORT AND RECOMMENDATION - 1

1

**JURISDICTION**

2    The court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

3    1383(c)(3).

4

**STANDARD OF REVIEW**

5    A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

7    limited; the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9    1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

10    reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

11    (quotation and citation omitted).  Stated differently, substantial evidence equates to

12    "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

13    citation omitted).  In determining whether the standard has been satisfied, a

14    reviewing court must consider the entire record as a whole rather than searching

15    for supporting evidence in isolation.  *Id.*

16    In reviewing a denial of benefits, a district court may not substitute its

17    judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

18    1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

19    rational interpretation, [the court] must uphold the ALJ's findings if they are

20    supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

REPORT AND RECOMMENDATION - 2

1    F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

2    ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless

3    "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

4    *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's

5    decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

6    *Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

8      A claimant must satisfy two conditions to be considered "disabled" within

9    the meaning of the Social Security Act.  First, the claimant must be "unable to

10   engage in any substantial gainful activity by reason of any medically determinable

11   physical or mental impairment which can be expected to result in death or which

12   has lasted or can be expected to last for a continuous period of not less than twelve

13   months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

14   impairment must be "of such severity that he is not only unable to do his previous

15   work[,] but cannot, considering his age, education, and work experience, engage in

16   any other kind of substantial gainful work which exists in the national economy."

17   42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

18      The Commissioner has established a five-step sequential analysis to

19   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

20   404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

REPORT AND RECOMMENDATION - 3

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

claimant suffers from "any impairment or combination of impairments which

significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

§§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §§

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the

claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

REPORT AND RECOMMENDATION - 4

1    If the severity of the claimant's impairment does not meet or exceed the

2  severity of the enumerated impairments, the Commissioner must pause to assess

3  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4  defined generally as the claimant's ability to perform physical and mental work

5  activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

6  404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the

7  analysis.

8    At step four, the Commissioner considers whether, in view of the claimant's

9  RFC, the claimant is capable of performing work that he or she has performed in

10  the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

11  If the claimant is capable of performing past relevant work, the Commissioner

12  must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

13  If the claimant is incapable of performing such work, the analysis proceeds to step

14  five.

15    At step five, the Commissioner considers whether, in view of the claimant's

16  RFC, the claimant is capable of performing other work in the national economy.

17  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

18  the Commissioner must also consider vocational factors such as the claimant's age,

19  education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

20  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

REPORT AND RECOMMENDATION - 5

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On December 29, 2013, Plaintiff protectively filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of September 20, 2013.  Tr. 150-58.  The applications were denied initially, Tr. 83-91, and on reconsideration, Tr. 95-100.  Plaintiff appeared at a hearing before an administrative law judge on January 27, 2017.  Tr. 29-44.  On March 15, 2017, the ALJ denied Plaintiff's claims.  Tr. 12-28.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 20, 2013, the alleged onset date.  Tr. 17.  At step two, the ALJ found Plaintiff had the following severe impairments: undifferentiated

REPORT AND RECOMMENDATION - 6

1    connective tissue disease, mild synovitis in hands, and right knee arthritis.  *Id.*  At

2    step three, the ALJ found Plaintiff did not have an impairment or combination of

3    impairments that meets or medically equals the severity of a listed impairment.  Tr.

4    18.  The ALJ then concluded that Plaintiff had the RFC to perform light work with

5    the following limitations: "[S]he can occasionally handle, finger, and feel

6    bilaterally."  Tr. 18.

7    At step four, the ALJ found Plaintiff was unable to perform any past relevant

8    work.  Tr. 22.  At step five, the ALJ found that, considering Plaintiff's age,

9    education, work experience, RFC, and testimony from a vocational expert, there

10   were other jobs that existed in significant numbers in the national economy that

11   Plaintiff could perform, such as sales clerk in photofinishing and interviewer for

12   dealer accounts.  Tr. 23-24.  The ALJ concluded Plaintiff was not under a

13   disability, as defined in the Social Security Act, from September 20, 2013 through

14   March 15, 2017, the date of the ALJ's decision.  Tr. 24.

15   On April 18, 2018, the Appeals Council denied review, Tr. 1-6, making the

16   ALJ's decision the Commissioner's final decision for purposes of judicial review.

17   *See* 42 U.S.C. § 1383(c)(3).

**ISSUE**

19   Plaintiff seeks judicial review of the Commissioner's final decision denying

20   her disability income benefits under Title II and supplemental security income

REPORT AND RECOMMENDATION - 7

benefits under Title XVI of the Social Security Act.  ECF No. 13.  Plaintiff raises

one issue for this court's review:  Whether the ALJ's step five finding is supported

by substantial evidence.  ECF No. 13 at 1.

**DISCUSSION**

**A. Step Five**

Plaintiff stipulates to the ALJ's findings at steps one through four of the

sequential evaluation.  ECF No. 13 at 4.  At step five, Plaintiff challenges the

ALJ's finding that there are a significant number of jobs in the national economy

that Plaintiff could perform.  ECF No. 13 at 4-7.  Specifically, Plaintiff contends

that the combined number of available jobs, approximately 8,500 in the national

economy, does not constitute a significant number of jobs.

*1. Vocational Expert (VE) Testimony*

The vocational expert testified that an individual with Plaintiff's RFC could

perform the jobs of sales clerk in photofinishing (1,600 jobs available in the

national economy) and interviewer for dealer accounts (6,900 jobs available in the

national economy), for an aggregate number of 8,500 jobs in the national economy.

Tr. 39-40.  The vocational expert did not identify regional numbers.  *Id.*

*2. Legal Analysis*

At step five of the sequential evaluation analysis, the burden shifts to the

Commissioner to establish that (1) the claimant is capable of performing other

REPORT AND RECOMMENDATION - 8

work; and (2) such work "exists in significant numbers in the national economy."
20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran*, 700 F.3d at 389.  The number
of jobs available in the national economy can be calculated by aggregating the
numbers for multiple occupations.  20 C.F.R. §§ 404.1566, 416.966.  The Ninth
Circuit has not established a "bright-line rule for what constitutes a 'significant
number' of jobs." *Beltran*, 700 F.3d at 389.  However, the Ninth Circuit has held
the availability of 25,000 national jobs presents a "close call," but constitutes a
significant number of jobs, *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29
(9th Cir. 2014), and also has held that the availability of 1,680 national jobs does
not constitute a significant number of jobs.  *Beltran*, 700 F.3d at 390.

The Commissioner asserts that the Ninth Circuit's hesitance to set a "bright-
line rule" for what constitutes a significant number of jobs precludes the court from
concluding as a matter of law that the 8,500 national jobs identified in this case do
not constitute a significant number.  ECF No. 17 at 8 (citing *Beltran*, 700 F.3d at
389).  Neither the undersigned nor other district courts in this circuit read *Beltran*
so broadly.  The number of jobs the ALJ identified in this case, 8,500, falls far
below the 25,000 jobs that the Ninth Circuit previously characterized as a close
call.  *Gutierrez*, 740 F.3d at 529.  Thus, the undersigned concludes that the
availability of 8,500 national jobs does not constitute a significant number for the
purposes of the step five finding.  The arguments presented by the Commissioner,

REPORT AND RECOMMENDATION - 9

discussed *infra*, do not persuade the undersigned that this is an unreasonable interpretation of the Ninth Circuit's holding in *Gutierrez*.

### a.  The "Comparative Approach"

The Commissioner argues that a comparison of findings in other district court decisions in this circuit compels the court to conclude that 8,500 national jobs is a significant number.  ECF No. 17 at 9-19.  In framing this argument, the Commissioner identifies a legal "gray area" between the 1,680 job "floor" in *Beltran* and the 25,000 significant number finding in *Gutierrez*.  *Id.* at 8.  The Commissioner surveys district court decisions from this circuit that have addressed job numbers in this gray area.  ECF No. 17 at 9-11.  However, these cases do not support the Commissioner's position.

First, in the decisions cited where courts found significant job numbers existed, the national job numbers are higher than those identified in this case, and those courts' conclusions often rested on a consideration of both national and regional job numbers.  *See, e.g.*, *Aguilar v. Colvin*, No. 5:15-cv-02081-GJS, 2016 WL 3660296, at *3 (C.D. Cal. July 8, 2016) (11,850 national jobs and 1,080 regional jobs significant; observing trend in the Central District of California to find job numbers over 10,000 nationally and 1,000 locally to be sufficient); *Connolly v. Colvin*, No. 1:15-cv-718-BAM, 2016 WL 8730722, at *6 (E.D. Cal. Sept. 16, 2016) (19,000 national jobs and 1,900 regional jobs significant, relying

REPORT AND RECOMMENDATION - 10

on consideration of both figures; observing trend in Ninth Circuit courts to find job numbers over 10,000 nationally and 1,000 locally to be sufficient); *Nelson v. Colvin*, No. C12-5540 RJB, 2014 WL 372496, at *4 (W.D. Wash. Feb. 3, 2014) (22,000 national jobs significant); *Hoffman v. Astrue*, No. C09-5252RJB, 2010 WL 1138341, at *7 (W.D. Wash. Mar. 19, 2010) (9,000 national jobs and 150 regional jobs significant, relying on consideration of both figures).[2]  The Commissioner cited one case in which a court found lower national jobs numbers than those at issue in this case to be significant.  ECF No. 17 at 9.  However, that case similarly involved a consideration of both national and regional jobs numbers and the court upheld the ALJ's finding based on the regional jobs number.  *Evans v. Colvin*, No. ED CV 13-01500 RZ, 2014 WL 3845046, at *1-*3 (C.D. Cal. Aug. 4, 2014) (6,200 national jobs and 600 regional jobs significant, conclusion based on regional jobs numbers).  The undersigned is not persuaded that the cited authority supports a finding that 8,500 national jobs is significant.

_____

[2] The undersigned notes that the *Hoffman* case was decided in 2010, four years prior to Ninth Circuit's ruling in *Gutierrez*.  Thus, the district court in *Hoffman* did not have the benefit of the Ninth Circuit's conclusion that 25,000 national jobs was a "close call." *Gutierrez*, 740 F.3d at 529.

REPORT AND RECOMMENDATION - 11

1    The Commissioner asserts that other districts' reliance on regional job

2    numbers in the cases discussed *supra* is irrelevant to this court's consideration of

3    this case's national job numbers.  ECF No. 17 at 13-14.  "The statute in question

4    indicates that the 'significant number of jobs' can be *either* regional jobs (the

5    region where a claimant resides) *or* in several regions of the country (national

6    jobs)."  *Beltran*, 700 F.3d at 389 (emphasis in original).  In this case, however, the

7    vocational expert did not testify to regional job numbers, and the ALJ made no

8    findings regarding regional job numbers.  Tr. 24, 39-40.  Therefore, the cases

9    identified *supra* that affirmed an ALJ's finding of significant jobs numbers based

10   in partial reliance on regional jobs numbers do not compel this court to affirm the

11   ALJ's findings here.  Notably, no case identified by the Commissioner found

12   national job numbers as low as 8,500 to be significant when standing alone.  ECF

13   No. 17 at 9-11; *see Sovan v. Berryhill*, No. C17-5238-MAT, 2017 WL 4216493, at

14   * (W.D. Wash. Sept. 22, 2017) (10,000 national jobs and no regional jobs

15   identified is not a significant number); *Robinson v. Colvin*, No. 3:13-cv-05724-

16   BHS (ECF No. 24, Order Declining to Adopt Report and Recommendation) (W.D.

17   Wash. Sept. 24, 2014) (15,000 national jobs and no regional jobs identified is not a

18   significant number); *Davis v. Comm'r of Soc. Sec.*, No. 1:17-cv-00621-SAB, 2018

19   WL 1779341, at *5-*6 (E.D. Cal. Apr. 12, 2018) (15,000 national jobs and no

20   regional jobs identified is a significant number), *appeal docketed*, No. 18-15985

REPORT AND RECOMMENDATION - 12

(9th Cir. May 31, 2018); *Barkzai v. Berryhill*, No. 17-cv-1692-W (RNB), 2018 WL 3126093, at *5 (S.D. Cal. June 26, 2018) (17,500 national jobs and no regional jobs identified is a significant number), *report and recommendation adopted*, 2018 WL 3532912 (S.D. Cal. July 23, 2018).  The authority cited by the Commissioner supports the conclusion that 8,500 national jobs and no regional jobs does not constitute a significant number for purposes of the step five analysis.  Therefore, the conclusions in other districts do not undermine the undersigned's reading of *Gutierrez*.

Second, although the Ninth Circuit has declined to adopt a "bright line" rule about the sufficiency of jobs numbers, its recent unpublished authority has questioned the sufficiency of numbers that are similar to, and less than, those found in this case.  *See, e.g.*, *De Rivera v. Berryhill*, 710 F. App'x 768, 769 (9th Cir. 2018) (questioning sufficiency of 5,000 national and 500 regional jobs); *Lemauga v. Berryhill*, 686 F. App'x 420, 422 (9th Cir. 2017) (questioning sufficiency of 12,600 national jobs and 1,530 regional jobs); *Randazzo v. Berryhill*, 725 F. App'x 445, 448 (9th Cir. 2017) (questioning sufficiency of 10,000 national jobs and 550 regional jobs); *Buckins v. Berryhill*, 706 F. App'x 380, 381 (9th Cir. 2017) (noting 5,104 national jobs does not constitute a significant number).  The Commissioner asserts these cases should not be considered because of their tentative language and because the relevant discussion is dicta.  ECF No. 17 at 14-19.  The undersigned

recognizes these are not binding authority but finds the discussion persuasive and relevant for the court's consideration in evaluating what constitutes significant numbers in the national economy.  Here, the number at issue (8,500 jobs) is approximately one-third of the number (25,000 jobs) that the Ninth Circuit previously found to be a close call.  *Gutierrez*, 740 F.3d at 529.  The undersigned concludes that the reasonable interpretation of the relevant authority is that 8,500 national jobs does not constitute significant numbers under the statute.

### b. The "Methodical Approach"

The Commissioner separately asserts that a "methodical approach" should lead the court to affirm the ALJ's findings.  ECF No. 17 at 19-21.  Under the Commissioner's proposed "methodical approach," an ALJ's step five finding is supported by substantial evidence where the ALJ takes testimony from a vocational expert, poses a complete hypothetical to the vocational expert, and relies on the vocational expert's testimony to make a finding of fact that the claimant is capable of performing other work that exists in significant numbers in the national economy.  *Id.* (citing *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (the Commissioner can meet the step five burden of identifying other work the claimant is capable of performing by relying on testimony from a vocational expert); *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (the ALJ may rely on the vocational expert's testimony where the

1   hypothetical posed to the vocational expert is complete); *Martinez v. Heckler*, 807

2   F.2d 771, 775 (9th Cir. 1986) (whether there is a significant number of  jobs the

3   claimant is able to perform is a question of fact for the ALJ)).  However, this

4   proposed method precludes judicial review of ALJs' finding regarding job

5   numbers, so long as a vocational expert was properly consulted.  This is clearly

6   inconsistent with the Ninth Circuit's precedent of reviewing step five findings to

7   determine whether the number of jobs identified was significant, even where a

8   vocational expert was consulted.  *See, e.g., Gutierrez*, 740 F.3d at 528-29; *Beltran*,

9   700 F.3d at 390.  In fact, the *Gutierrez* court specifically acknowledged the "highly

10  deferential" standard of review owed to the ALJ's step five finding before

11  proceeding to review the jobs numbers identified for legal sufficiency.  *Gutierrez*,

12  740 F.3d at 527-28 (citing *Martinez*, 807 F.2d at 775).  The Commissioner's

13  proposed "methodical approach" is not consistent with Ninth Circuit precedent and

14  does not compel this court to affirm the ALJ's step five finding.

15       The ALJ's step five finding constitutes harmful error.

16       *3. Remedy*

17       Plaintiff requests this case be remanded for further proceedings.  ECF No.

18  13 at 6-7.  On remand, the ALJ should be directed to take testimony from a

19  vocational expert to determine whether there are other jobs available in significant

20  numbers in the national and/or regional economy that Plaintiff is capable of

REPORT AND RECOMMENDATION - 15

1  performing.  The parties should not be permitted to reopen any other issue on

2  remand.

**CONCLUSION**

4      Having reviewed the record and the ALJ's findings, the undersigned

5  concludes the ALJ's decision is not supported by substantial evidence and free of

6  harmful legal error.  Accordingly, **IT IS HEREBY RECOMMENDED**:

7      1. Plaintiff's Motion for Summary Judgment, ECF No. 13, be **GRANTED**.

8      2. Defendant's Motion for Summary Judgment, ECF No. 17, be **DENIED**.

9      3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and

10  REMANDING the matter to the Commissioner of Social Security for further

11  proceedings consistent with this recommendation pursuant to sentence four of 42

12  U.S.C. § 405(g).

**OBJECTIONS**

14      Any party may object to a magistrate judge's proposed findings,

15  recommendations or report within **fourteen (14)** days following service with a

16  copy thereof.  Such party shall file written objections with the Clerk of the Court

17  and serve objections on all parties, specifically identifying the portions to which

18  objection is being made, and the basis therefor.  Any response to the objection

19  shall be filed within **fourteen (14)** days after receipt of the objection.  Attention is

20

REPORT AND RECOMMENDATION - 16

directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject or modify the magistrate judge's determination.  The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon.  The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions.  *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMJR 2, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this Report and Recommendation, forward a copy to counsel, and **SET A CASE MANAGEMENT DEADLINE ACCORDINGLY.**

DATED April 5, 2019.

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 17